UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY J. ELDER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GUILLORY, et al.,<br><br>    Defendants. | No. 2:16-cv-2830 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.  <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,

1

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Amended Complaint

Plaintiff's first amended complaint claims that defendant, Lieutenant J. Guillory, violated his due process rights and "further deprived plaintiff of rights, benefits, and privileges secured by

2

the United States Constitution." ECF No. 11 at 3. Plaintiff alleges that while housed at Solano State Prison, he was issued a rules violation report ("RVR") for introducing contraband into the prison. Id. This report arose from an incident in which plaintiff's nephew—Mr. Sims—attempted to visit plaintiff at the prison. Id. Prison officials discovered that Mr. Sims possessed contraband items and later questioned Mr. Sims regarding those items. Id. During the questioning, Mr. Sims explained that plaintiff was unaware that he was trying to bring contraband into the facility. Id.

Defendant administered plaintiff's disciplinary hearing, during which plaintiff explained that he was not expecting a visit, never actually visited with Mr. Sims, and had "no clue as to what was going on." Id. Plaintiff also introduced a signed declaration from Mr. Sims stating that plaintiff had no knowledge or involvement with the incident. Id. at 3-4. Defendant denied plaintiff's request that he contact Mr. Sims should he have any questions, and found plaintiff guilty, which resulted in a forfeiture of plaintiff's good behavior credits and "other rights and privileges." Id. at 4.

The CDCR Form 115 is not attached to the complaint.

III.     Failure to State a Claim

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). However, an inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a 'written statement by the factfinders as to the evidence relied on and the reasons' for the disciplinary action," id. at 564 (citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be supported by "some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

////

In this case, while plaintiff did lose good-time credits, he is not entitled to relief based on this fact alone. He must also allege that he was denied one of the procedural protections outlined in Wolff.

In his complaint, plaintiff alleges that defendant refused his request that defendant contact Mr. Sims with any questions he might have. ECF No. 11 at 3. This allegation does not establish any violation of due process guarantees. Plaintiff was permitted to present Mr. Sim's testimony in the form of a signed declaration. Instead, plaintiff's primary complaint seems to relate to defendant's failure to affirmatively reach out to Mr. Sims with questions, which is not encompassed within any of the procedural protections outlined in Wolff. 418 U.S. at 563-71.

Plaintiff also alleges that defendant found him guilty despite the introduction of evidence of plaintiff's innocence at the disciplinary hearing; notably, Mr. Sims's signed declaration along with plaintiff's own testimony. Substantively, Guillory's finding of guilt only had to be "supported by some evidence in the record." Hill, 472 U.S. at 454. The "some evidence" standard is not particularly stringent and "the relevant question is whether there is *any* evidence in the record that could support the conclusion reached." Id. at 455-56 (emphasis added). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Id. at 456. Nor must the evidence relied on "logically preclude[] any conclusion but the one reached." Id. at 457. Rather, if there is any evidence in the record that supports the challenged decision, it is not arbitrary and thus comports with minimum due process protections. Id.

It appears plaintiff may be attempting to allege an absence of "some evidence" in the record to support defendant's decision. ECF No. 11 at 3. Plaintiff's emphasis on the overwhelming evidence of his innocence may be intended to imply an absence of evidence demonstrating his guilt. This inferential leap is too large, however, and the allegations in the complaint are insufficient to show a due process violation. Twombly, 550 U.S. at 555 ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004))).

However, since plaintiff may be able to allege additional facts regarding the absence of "some evidence" of plaintiff's guilt, he will be given leave to amend.

IV. <u>Leave to Amend</u>

If plaintiff chooses to file a second amended complaint, he must explain what defendant did to violate his due process rights. For example, under the standard discussed above, a prisoner's due process rights may be violated by the revocation of good behavior credits deriving from a disciplinary hearing when there was no evidence to support a finding a guilt. <u>See</u> <u>Wolff</u>, 418 U.S. at 556.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, the first amended complaint no longer serves any function in this case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The second amended complaint should include as an exhibit the completed CDCR Form 115, together with any other documentation related to the disciplinary proceeding.

V. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your due process claim against defendant is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. If you want to state a claim for a violation of your due process rights, you must explain what due process protections you were denied and tell the court what facts support that claim. The only due process requirements for an RVR are that it be supported by some evidence and that you get (1) twenty-four hours written notice of the RVR charges, (2) a written explanation of the evidence and reasons for finding you guilty, (3) a chance to call witnesses or provide documents if they do not cause security concerns,

5

(4) a person to help you if you cannot read or write or if the charges are complicated, and (5) an unbiased hearing officer.  You must have been denied at least one of those things in order to have a claim.  If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original or first amended complaint.  In other words, **any claims not in the second amended complaint will not be considered.**

If possible, you should include the completed Form 115 related to this incident.  You may attach it as an exhibit to your second amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend as set forth above.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff must file an original and two copies of the second amended complaint.  Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: January 29, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE