UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY J. ELDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. GUILLORY, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-2830 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

I.　　Second Amended Complaint

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). By order filed January 30, 2019, the undersigned screened plaintiff's first amended complaint. ECF No. 15. The amended complaint was dismissed with leave to amend and plaintiff has now filed a second amended complaint.

　　　　Plaintiff's second amended complaint alleges that defendant, Lieutenant J. Guillory, violated plaintiff's due process rights. ECF No. 16 at 3. Plaintiff claims that while housed at

1

Solano State Prison, he was issued a rules violation report ("RVR") for introducing contraband into the prison. Id. Plaintiff attached this report to his complaint.[1] Id. at 7-8.

The RVR arose from an incident in which plaintiff's nephew—Mr. Shamar Sims—attempted to visit plaintiff at the prison. Id. at 7. Prison officials discovered that Mr. Sims possessed certain contraband items underneath the sole of each of his boots and later questioned him regarding those items. Id. at 7-8, 13. During the questioning, Mr. Sims explained to prison officials that plaintiff was unaware he would attempt to bring contraband into the facility. Id. at 8, 13.

Defendant Guillory conducted plaintiff's disciplinary hearing, during which plaintiff explained he was not expecting a visit, never actually visited with Mr. Sims, and "did not plan anything." Id. at 10. Plaintiff also introduced a signed declaration from Mr. Sims stating that plaintiff had no knowledge or involvement with the incident and that Mr. Sims' conduct was "independently [his] idea without any prior or present input, advice or assistance by [plaintiff]." Id. at 13. Defendant found plaintiff guilty of the lesser included offense of conspiracy to introduce contraband into the institution, which resulted in a forfeiture of plaintiff's good behavior credits. Id. at 10-11.

Plaintiff alleges that defendant violated his due process rights during the disciplinary hearing because he found plaintiff guilty without any evidence. Id. at 3.

II. <u>Failure to State a Claim</u>

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). However, an inmate subject to disciplinary sanctions that

---

[1] The complaint itself provides very few facts about the circumstances surrounding the RVR. ECF No. 16 at 3. However, the facts in the attached RVR and disciplinary hearing report (id. at 7-12) largely align with the facts as alleged by plaintiff in his first amended complaint (ECF No. 11 at 3-4). Accordingly, to the extent they overlap with the facts alleged in the first amended complaint, the court will treat the facts in the RVR and disciplinary hearing report as adopted by plaintiff. The court will also consider the facts in Mr. Sims' declaration as adopted by plaintiff since he asserts that the declaration explains what happened on the day of the incident. ECF No. 16 at 3, 13.

include the loss of good time credits must receive: (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a 'written statement by the factfinders as to the evidence relied on and the reasons' for the disciplinary action," id. at 564 (citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be supported by "some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

In his second amended complaint, plaintiff alleges he was deprived of his due process rights because there was no evidence of his "knowledge or involvement in the incident" that gave rise to the disciplinary hearing. ECF No. 16 at 3. Because it is clear from the complaint and attachments that there was some evidence to support defendant's findings, plaintiff's complaint does not survive scrutiny.

Substantively, defendant's finding of guilt had only to be "supported by some evidence in the record." Hill, 472 U.S. at 454. The "some evidence" standard is not particularly stringent and "the relevant question is whether there is *any* evidence in the record that could support the conclusion reached." Id. at 455-56 (emphasis added) (citations omitted). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Id. at 456. Nor must the evidence relied on "logically preclude[] any conclusion but the one reached." Id. at 457. Rather, if there is any evidence in the record that supports the challenged decision, it is not arbitrary and thus comports with minimum due process protections. Id.

In Superintendent v. Hill, the Supreme Court held that the "some evidence" standard was satisfied where the disciplinary board "received evidence in the form of testimony from the prison guard and copies of his written report." 472 U.S. at 456. In this case, as reflected through the written report attached to plaintiff's amended complaint, defendant relied on photographic evidence depicting the contraband carried by Mr. Sims and the personal boots belonging to Mr. Sims and plaintiff; the RVR; a supplemental report prepared by a correctional officer; and

3

plaintiff's testimony at the disciplinary hearing that he and Mr. Sims had previously discussed the introduction of contraband into the institution. ECF No. 16 at 10-11.

Even if the court assumes, based on the allegations in the complaint, that plaintiff denies admitting to discussing the introduction of contraband with Mr. Sims, the evidence involved in this case is undoubtedly more extensive than that in Hill and provides a sufficient evidentiary basis for defendant's findings. The report from the hearing shows that defendant noted the similarity in the style of plaintiff and Mr. Sims' boots was "consistent with a preconceived plan." ECF No. 16 at 11. Additionally, though Mr. Sims' declaration, which was accepted into evidence, denied plaintiff's involvement in Mr. Sims' attempt to bring in contraband (id. at 13), the RVR reports that upon questioning, Mr. Sims stated that he had told plaintiff that he was going to try to bring him a cell phone, although he had not told him he was coming on that specific day (id. at 8.) The RVR further stated that Mr. Sims said he intended to switch boots with plaintiff during the visit. Id. at 8. Defendant explicitly found that "[i]t is not reasonable to believe that Shamar Sims would risk felony prosecution punishable by time in jail and monetary fines by his attempting to introduce contraband into the institution without [plaintiff's] knowledge and/or involvement." Id. In other words, defendant believed the account of Mr. Sims' interview contained in the RVR over Mr. Sims' declaration.

Although plaintiff alleges that there was "no evidence of [his] knowledge or involvement in the incident," it is clear from the attachments to the complaint that what he is actually claiming is that, in light of Mr. Sims' declaration, there is no credible evidence of his involvement. However, "[a]scertaining whether [the 'some evidence'] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 455; Woodroffe v. Kulongoski, 745 F. App'x 728, 729 (9th Cir. 2018) ("[T]his court should not independently assess the credibility of witnesses or reweigh the evidence" before the hearing officer when reviewing prison disciplinary decisions. (citing Hill, 472 U.S. 455-56)). It is clear from the complaint and attachments that plaintiff's disciplinary conviction did not suffer from a lack of evidence, but instead turned upon credibility determinations. Plaintiff's belief that defendant did not make the right credibility determination

4

does not mean that there was not "some evidence" to support the finding of guilt. See Woodroffe, 745 F. App'x at 729 (finding "some evidence" standard satisfied where "[t]he record of the hearing show[ed] that the hearing officer considered all the evidence and rejected petitioner's exculpatory explanations as to the evidence presented"). Because plaintiff's complaint shows there was at least some evidence to support defendant's findings, he has failed to state a claim under Superintendent v. Hill, 472 U.S. at 455-56 (due process is not violated where there is any amount of evidence in the record to support the findings).

Furthermore, plaintiff does not contend, and the facts do not suggest, that he was deprived of any of the other procedural protections outlined in Wolff. First, defendant's hearing report indicated that plaintiff "acknowledged that he received a copy of the [relevant forms and documents] more than 24 hours in advance of the hearing." ECF No. 16 at 9. Second, defendant issued a four-page written document that detailed the charges, plaintiff's hearing testimony and plea, defendant's findings, and the evidence relied upon, as well as a rationale for the findings. Id. at 9-12. Plaintiff clearly received a copy of this statement since he attached a copy to the complaint. Id. Third, the complaint explicitly states that plaintiff had an opportunity to present documentary evidence in the form of a sworn declaration from Mr. Sims, and the report states that he rescinded his request for his intended witness. Id. at 3, 10. Fourth, plaintiff's hearing report indicated that plaintiff is "literate, speaks English and assistance is not necessary for [him] to comprehend the nature of the charge" and that "the issues are not complex." Id. at 9. Finally, there is no indication that the fact finder—defendant Guillory—was not sufficiently impartial. Defendant's hearing report included a clear recitation of the evidence presented at the hearing and explained how that evidence related to each of the required elements to establish plaintiff's guilt as to the charged offense. Id. at 10-11.

Plaintiff was previously advised of the procedural protections to which he was entitled during the disciplinary process. ECF No. 15 at 3. Based on the lack of alleged violations of those protections, coupled with the information contained in the attachments to the complaint, it does not appear that there is a basis for plaintiff to allege violations of his due process rights based on any of the other procedural protections outlined in Wolff.

In light of all the circumstances, plaintiff has failed to state a claim and his complaint should be dismissed.

III. <u>No Leave to Amend</u>

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Lopez</u>, 203 F.3d at 1130-31; <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1005-06.

Plaintiff's complaint has twice been dismissed with leave to amend and instructions for doing so. Based on the additional facts provided in plaintiff's second amended complaint, the undersigned finds that plaintiff's allegations against defendant cannot establish a plausible claim as a matter of law. As outlined above, plaintiff cannot show that defendant's findings were not supported by any evidence because the hearing report explicitly reflects that they had at least some evidentiary basis. Further, plaintiff does not argue, and no facts even remotely suggest, that plaintiff was deprived of any of the remaining procedural protections afforded by <u>Wolff</u>. Therefore, the court is convinced that further amendment would be futile. <u>Hartmann v. Cal. Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile." (citation omitted)). Accordingly, dismissal should be without leave to amend.

IV. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

It is being recommended that your second amended complaint be dismissed without leave to amend. Your allegation that there was "no evidence" of your involvement or knowledge of the incident is based on a credibility issue. Defendant was not required to believe the statements Mr.

6

Sims made in his declaration and the report shows that he looked at other evidence when deciding you were guilty.  Because it does not look like there are more facts that you can add that would state a claim, it is being recommended that your complaint be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the second amended complaint (ECF No. 16) be dismissed without leave to amend because it fails to state a claim upon which relief can be granted and further amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 23, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE